UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ARME JOY P. NICOPIOR and LEONARDO
GAMBOA,

        Plaintiffs,

vs.

**JURY TRIAL DEMANDED**

MOSHI MOSHI PALM GROVE, LLC a Florida
Limited Liability Company, d/b/a MOSHI
MOSHI; SUSHI YAMA JAPANESE
RESTAURANT, INC., a Florida Corporation,
d/b/a MOSHI MOSHI; MOSHI MOSHI
CORAL WAY, LLC, a Florida Limited
Liability Company, d/b/a MOSHI MOSHI;
MUTSUHIKO YUHARA, an individual; and
TOSHIO FURITHATA, an individual, a/k/a
TOSHIO FURIHATA,

        Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiffs, ARME JOY P. NICOPIOR and LEONARDO GAMBOA, file this Complaint for Damages against Defendants, MOSHI MOSHI PALM GROVE, LLC d/b/a MOSHI MOSHI, (hereinafter "PALM GROVE"); SUSHI YAMA JAPANESE RESTAURANT, INC. d/b/a MOSHI MOSHI, (hereinafter "SUSHI YAMA"); MOSHI MOSHI CORAL WAY, LLC d/b/a MOSHI MOSHI (hereinafter "CORAL WAY"); MUTSUHIKO YUHARA, (hereinafter "YUHARA"); and TOSHIO FURITHATA a/k/a TOSHIO FURIHATA (hereinafter "FURITHATA"), and state:

**INTRODUCTION**

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages, and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA"), the Florida Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act, Fla. Stat. §448.110, (collectively, the "FMWA).

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et seq.,* 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367.

3. At all times pertinent to this Complaint, the corporate Defendant, PALM GOVE was an enterprise engaged in interstate commerce.

4. At all times pertinent to this Complaint, the corporate Defendant, SUSHI YAMA was an enterprise engaged in interstate commerce.

5. At all times pertinent to this Complaint, the corporate Defendant, CORAL WAY was an enterprise engaged in interstate commerce.

6. At all times pertinent to this Complaint, Defendant PALM GROVE regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

7. At all times pertinent to this Complaint, Defendant SUSHI YAMA regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

8. At all times pertinent to this Complaint, Defendant CORAL WAY regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

9. During the relevant time period, Defendants employed two or more persons who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

10. Defendant PALM GROVE'S business consists of a restaurant that serves food and beverages to customers. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendant PALM GROVE'S business, and that moved in interstate commerce. Specifically, the Plaintiffs and other employees of PALM GROVE regularly and recurrently handled food, drinks and other goods or materials, which were originally manufactured outside the State of Florida.

11. Defendant SUSHI YAMA'S business consists of restaurant that serves food and beverages to customers. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendant SUSHI YAMA'S business, and that moved in interstate commerce. Specifically, the Plaintiff and other employees of SUSHI YAMA regularly and recurrently handled food, drinks and other goods or materials, which were originally manufactured outside the State of Florida.

12. Defendant CORAL WAY'S business consists of restaurant that serves food and beverages to customers. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendant CORAL WAY'S business, and that moved in interstate commerce. Specifically, the Plaintiff and other employees of

CORAL WAY regularly and recurrently handled food, drinks and other goods or materials, which were originally manufactured outside the State of Florida.

13. Upon information and belief, during the relevant time period, the Defendant PALM GROVE had an annual gross volume of sales made or business done of not less than $500,000.

14. Upon information and belief, during the relevant time period, the Defendant SUSHI YAMA had an annual gross volume of sales made or business done of not less than $500,000.

15. Upon information and belief, during the relevant time period, the Defendant CORAL WAY had an annual gross volume of sales made or business done of not less than $500,000.

16. At all times material hereto, Defendants conducted substantial and continuous business in the Southern District of Florida.

## **VENUE**

17. Venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida;

    b. At all times material hereto, Defendants were and continue to be a Florida limited liability companies and individuals doing business within this judicial district.

    c. Defendants employed the Plaintiffs in the Southern District of Florida.

## STATEMENT OF FACTS

18. At all times material hereto, the Plaintiff NICOPIOR was a resident living within the Southern District of Florida.

19. At all times material hereto, the Plaintiff GAMBOA was a resident living within the Southern District of Florida.

20. Defendant, PALM GROVE, was, and continues to be, a Florida limited liability company engaged in the transaction of business at 7232 Biscayne Boulevard, Miami, Florida in Miami-Dade County, Florida, (hereinafter "Biscayne location").

21. Defendant, SUSHI YAMA, was, and continues to be, a Florida limited liability company engaged in the transaction of business at 1448 Washington Avenue, Miami Beach, Florida in Miami-Dade County, Florida, (hereinafter "South Beach location").

22. Defendant, CORAL WAY, was, and continues to be, a Florida limited liability company engaged in the transaction of business at 11744 SW 3rd Avenue, Miami, Florida in Miami-Dade County, Florida, (hereinafter "Coral Way location").

23. Defendants PALM GROVE, SUSHI YAMA, and CORAL WAY do business as Moshi Moshi at the Biscayne, South Beach, and Coral Way locations.

24. From about July 2015 to about December 2015, the Plaintiff NICOPIOR was employed at the Biscayne location as a server.

25. During the period from about July 2015 to about December 2015, the Plaintiff NICOPIOR received no wages for her work as a server during that period at the Biscayne location.

26. During the period from around June 2016 to around December 2016, the Plaintiff NICOPIOR was employed at the South Beach location preparing delivery and to go orders, and also working as a server.

27. During the period from around June 2016 to around December 2016, the Plaintiff NICOPIOR was paid $130 per day for her work preparing delivery and to go orders and worked about three days per week in that position at the South Beach location.

28. During the period from around June 2016 to around December 2016, the Plaintiff NICOPIOR worked as a server two days per week and received no wages for her work as a server at the South Beach location.

29. From about January 2017 to about April 2017, Plaintiff NICOPIOR worked as a field manager for the Biscayne, South Beach, and Coral Way locations of Moshi Moshi.

30. During the period from about January 2017 to about April 2017, while working as a manager, the Plaintiff NICOPIOR was paid a day rate of $150 per day for her field manager work.

31. From about May 2017 to about September 15, 2018, the Plaintiff NICOPIOR was employed as a server at the Biscayne location.

32. During the period from about May 2017 to about September 15, 2018, the Plaintiff NICOPIOR received no wages for her work as a server at the Biscayne location.

33. From about October 2015 to about August 2016, the Plaintiff GAMBOA was employed at the South Beach location of Moshi Moshi as a server.

34. During the period from October 2015 to about August 2016, Plaintiff GAMBOA received no wages for his work as a server at the South Beach location.

35. From about September 2016 to about August 2017, the Plaintiff GAMBOA was employed as a manager at the Biscayne location of Moshi Moshi.

36. During the period from September 2016 to about August 2017, Plaintiff GAMBOA was paid a day rate of $150 per day for his manager work. During this period, Plaintiff GAMBOA also received three payments of $3,000 each for his manager work.

37. At all times material hereto, Plaintiffs NICOPIOR and GAMBOA were employees of the Defendants within the meaning of the FLSA, and within the meaning of the FMWA, which adopts the FLSA's definition of "employee."

38. The Plaintiffs' job duties included interacting with customers.

39. Defendant YUHARA was a supervisor and manager who was involved in the day-to-day operations of all three Moshi Moshi locations, and/or was directly responsible for the supervision of Plaintiffs.

40. Defendant FURITHATA was a supervisor and manager who was involved in the day-to-day operations of all three Moshi Moshi locations, and/or was directly responsible for the supervision of Plaintiffs.

41. Decisions of significance regarding Moshi Moshi operations went through Defendant, YUHARA.

42. Decisions of significance regarding Moshi Moshi operations went through Defendant, FURITHATA.

43. Defendant, YUHARA was directly or indirectly involved in decisions affecting employee compensation, tipping practices, and/or hours worked by Plaintiffs.

44. Defendant, FURITHATA was directly or indirectly involved in decisions affecting employee compensation, tipping practices, and/or hours worked by Plaintiffs.

45. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA and/or FMWA.

46. Defendants failed to inform the Plaintiffs of the information required to be entitled to take a tip credit.

47. At all times material hereto, Defendant YUHARA was an "employer" within the meaning of the FLSA and FMWA.

48. At all times material hereto, Defendant FURITHATA was an "employer" within the meaning of the FLSA and FMWA.

49. At all times material hereto, Defendant PALM GROVE was an "employer" within the meaning of the FLSA and FMWA.

50. At all times material hereto, Defendant SUSHI YAMA was an "employer" within the meaning of the FLSA and FMWA.

51. At all times material hereto, Defendant CORAL WAY was an "employer" within the meaning of the FLSA and FMWA.

52. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

53. Article X, Section 24(a) of the Florida Constitution sets forth Florida's minimum wage law. It is the policy of Florida as set forth in the Florida Constitution that "[a]ll working

Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employer from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." *Id.* To achieve this goal, the Florida Constitution requires employers to pay their employees wages that are no less than the minimum wage for all hours worked. *Id.*

54. Fla. Const. Art. X §24(c) and (f) incorporates the Fair Labor Standards Act's ("FLSA") requirements for taking a tip credit because, among other things, it states that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."

55. Under Section 203(m) of the FLSA, and therewith Article X, Section 24 of the Florida Constitution, an employer may use a portion of its tipped employees' earned tips (not to exceed $3.02 per hour) to meet its minimum wage obligations ("tip credit") if: (1) it provides its tipped employees with notice of the tip credit provisions; and (2) tipped employees are permitted to retain all tips they receive with the exception of a valid tip pool among employees who customarily and regularly receive tips. See. Fla. Const. Art. X, §24(c); 29 U.S.C. §203(m). If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

56. Pursuant to Article X. Section 24 of the Florida Constitution, if employees pool or share tips with employees and others who do not customarily and regularly receive tips, they are entitled to seek other "legal and equitable relief as may be appropriate to remedy the

9

violation," including compensatory damages from the employer for the tips that were improperly taken and/or shared with employees who do not customarily and regularly receive tips as defined by law.

57. During parts of the Plaintiffs' employment, they received tips from customers.

58. Defendants did not allow the Plaintiffs to retain all of their tips or only share them with other employees who qualify as "tipped employees" under applicable law.

59. Defendants' failure to permit the Plaintiffs whom they employed to retain all tips received or only share them will eligible tipped employees, makes Defendants ineligible to take a "tip credit" for Plaintiffs.

60. The Defendants' failed to provide the Plaintiffs with the legally required notice of the "tip credit" provisions.

61. Since Defendants were unable to claim a "tip credit," they were required to compensate Plaintiffs whom they employed with at least the full Florida minimum wage for all hours worked.

62. Defendants failed to pay the Plaintiffs the minimum wage for hours worked as a server.

63. Defendants jointly employed the Plaintiff NICOPIOR. Defendants jointly employed the Plaintiff GAMBOA.

64. On September 21, 2018, the Plaintiffs mailed a letter pursuant to Fla. Stat. §448.110(6) notifying Defendants PALM GROVE and SUSHI YAMA of their Florida minimum wage claims. On October 30, 2018, the Plaintiffs mailed a letter pursuant to Fla. Stat. §448.110(6) notifying Defendant CORAL WAY of their Florida minimum wage claims.

65. The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

66. The Plaintiffs have retained Bober & Bober, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees and costs if they prevail.

## COUNT I

### FAIURE TO PAY MINIMUM WAGES IN VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

67. The Plaintiffs reallege paragraphs 1 through 66 as if fully stated herein.

68. During the relevant time period when the Plaintiffs were employed as servers, Defendants violated the Article X, Section 24 of the Florida Constitution by:

   a. failing to pay the Plaintiffs the required minimum for all hours worked as servers;

   b. not allowing the Plaintiffs to retain all their tips or only share them with eligible tipped employees; and,

   c. not properly informing the Plaintiffs of information required to take a tip credit.

69. The Defendants were not eligible to avail themselves of the FMWA's tipped employee minimum wage rate.

70. The Plaintiffs were entitled to be paid the full, applicable Florida Minimum Wage for all hours worked during their employment with Defendants from the five (5) years prior to the filing date of this Complaint.

71. Defendants willfully engaged in practices that violated the FMWA's minimum wage provisions.

**WHEREFORE**, the Plaintiffs request the Court enter the following relief:

a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FMWA;

b. Finding that, during the relevant period, Defendants violated Article X, Section 24 of the Florida Constitution by failing to pay Plaintiffs the minimum wage as required by Florida law;

c. Finding that, during the relevant period, Defendants acted willfully in violating Article X, Section 24 of the Florida Constitution by failing to pay the Plaintiffs the minimum wage required by Florida law;

d. Finding that the statute of limitations under Article X, Section 24 of the Florida Constitution for Plaintiffs is five years because of the Defendants' willful violation of the FMWA;

e. Awarding to the Plaintiffs unpaid minimum wages during the relevant liability period under Article X, Section 24 of the Florida Constitution;

f. Awarding to the Plaintiffs liquidated damages equal to the unpaid minimum wages under Article X, Section 24 of the Florida Constitution or, if liquidated damages are not awarded, then prejudgment interest;

g. Awarding to the Plaintiffs compensatory damages in the amount of the portions of tips that were unlawfully retained or deducted by Defendants;

h. Awarding to the Plaintiffs reasonable attorney's fees, costs, and expenses; and,

i. Awarding of such other and further relief as this Court may deem appropriate.

## COUNT II

## FLSA MINIMUM WAGE VIOLATION, 29 U.S.C. §206

72. The Plaintiffs reallege Paragraphs 1 through 52, 55, 57 to 63, and 65 to 66 as if fully stated herein.

73. During the relevant time period when each Plaintiffs was employed in the position of server, Defendants violated the FLSA by:

   a. failing to pay the Plaintiffs the required minimum for all hours worked as servers;

   b. not allowing the Plaintiffs to retain all their tips or only share them with eligible tipped employees; and,

   c. not properly informing the Plaintiffs of information required to take a tip credit.

74. The Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §203(m), and were required to pay the Plaintiffs the full minimum wage for all hours worked as a server.

75. Defendants willfully engaged in practices that violated the FLSA's minimum wage provisions.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

   a. Declaring that Defendants, jointly and severally, violated the minimum wage provisions of the FLSA;

   b. Awarding the Plaintiffs minimum wage compensation in the amount calculated;

   c. Awarding the Plaintiffs liquidated damages in the amount calculated;

  d. Awarding the Plaintiffs a recoupment of tips and other monies unlawfully retained by the Defendants;

  e. Awarding the Plaintiffs attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  f. Awarding the Plaintiffs post-judgment interest; and,

  g. Awarding such other and further relief as this Court deems just and proper.

### COUNT III
### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)
### AS TO PLAINTIFF NICOPIOR

76. The Plaintiff, NICOPIOR repeats and re-alleges Paragraphs 1 through 32, 37 to 52, and 65 to 66 as if fully set forth herein.

77. The Plaintiff, NICOPIOR'S employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

78. During the Plaintiff, NICOPIOR'S employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the applicable hourly rate for her overtime hours.

79. Due to the unlawful acts of the Defendants, Plaintiff, NICOPIOR has suffered damages for unpaid overtime wages, and is entitled to an equal amount as liquidated damages.

80. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiff NICOPIOR.

81. The Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, NICOPIOR respectfully requests that judgment be entered in her favor against the Defendants for unpaid overtime:

    a. finding the Defendants violated the FLSA's overtime provisions of 29 U.S.C. §207;

    b. finding Defendants acted willfully in violating the FLSA's overtime provisions;

    c. awarding the Plaintiff NICOPIOR overtime compensation in the amount calculated;

    d. awarding the Plaintiff NICOPIOR liquidated damages in the amount calculated;

    e. awarding the Plaintiff NICOPIOR reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f. Awarding the Plaintiff NICOPIOR post-judgment interest; and

    g. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)
### AS TO PLAINTIFF GAMBOA

82. The Plaintiff, GAMBOA repeats and re-alleges Paragraphs 1 through 23, 33 to 52, and 65 to 66 as if fully set forth herein.

83. The Plaintiff, GAMBOA'S employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

84. During the Plaintiff GAMBOA'S employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours.

85. Due to the unlawful acts of the Defendants, Plaintiff, GAMBOA has suffered damages for unpaid overtime wages, and is entitled to an equal amount as liquidated damages.

86. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiff GAMBOA.

87. The Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, GAMBOA respectfully requests that judgment be entered in his favor against the Defendants unpaid overtime:

a. finding the Defendants violated the FLSA's overtime provisions of 29 U.S.C. §207;

b. finding Defendants acted willfully in violating the FLSA's overtime provisions;

c. awarding the Plaintiff GAMBOA overtime compensation in the amount calculated;

d. awarding the Plaintiff GAMBOA liquidated damages in the amount calculated;

e. awarding the Plaintiff GAMBOA reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding the Plaintiff GAMBOA post-judgment interest; and

g. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 21, 2018.

Respectfully submitted,

By: <u>s/. Samara Robbins Bober</u>
SAMARA ROBBINS BOBER
FBN: 0156248
samara@boberlaw.com
PETER BOBER
FBN: 0122955
peter@boberlaw.com
BOBER & BOBER, P.A.
1930 Tyler Street
Hollywood, FL 33020
(954) 922-2298 (phone)
(954) 922-5455 (fax)
*Attorney for Plaintiffs*