UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ARME JOY P. NICOPIOR** and
**LEONARDO GAMBOA,**

    Plaintiff,

vs.                          CASE NO.:1-18-cv-24909-KMW

**MOSHI MOSHI PALM GROVE, LLC., a**
Florida Limited Liability Company, d/b/a
**MOSHI MOSHI**; **SUSHI YAMA JAPANESE**
**RESTAURANT, INC**., a Florida Corporation,
d/b/a **MOSHI MOSHI; MOSHI MOSHI CORAL**
**WAY, LLC**., a Florida Limited Liability Company,
d/b/a **MOSHI MOSHI; MUTSUHIKO YUHARA**,
an individual; and **TOSHIO FURITHATA**, an
individual, a/k/a **TOSHIO FURIHATA**,

    Defendants.
_____\

## DEFENDANT YUHARA'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, **MUTSUHIKO YUHARA,** by and through undersigned counsel, pursuant to Federal Rules Civil Procedure hereby files this his Answer and Affirmative Defenses to Plaintiffs' Complaint for overtime and other wages and as grounds states the following:

### JURISDICTION

1.     Denied.

2.     Admitted.

3.     Admitted.

4.     Admitted.

---

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

---

1

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that Corporate Defendants employed two or more persons, but deny each and every allegations as to Yuhara.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted as to Corporate Defendants, but deny each and every allegations as to Yuhara.

17. Defendants admit venue in this action properly lies in the United States District Court for the Southern District of Florida. Notwithstanding, Defendants deny Paragraph 17(a). Defendants admit both Paragraphs 17(b) and 17(c) as to Corporate Defendants but deny each and every allegation as to Yuhara.

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

2

## STATEMENT OF FACTS

18. Defendants are without knowledge as to Plaintiff Nicopior's residence and thus deny same.

19. Defendants are without knowledge as to Plaintiff Gamboa's residence and thus deny same.

20. Admitted.

21. Admitted.

22. Denied.

23. Defendant's admit that Defendants do business as Moshi Moshi at the Biscayne and South Beach locations as alleged. However, Defendants deny that Defendants do business at the Coral Way location as alleged.

24. Unknown, therefore denied.

25. Denied.

26. Admitted.

27. Denied.

28. Denied.

29. Unknown, therefore denied.

30. Unknown, therefore denied.

31. Unknown, therefore denied.

32. Denied.

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

3

33. Unknown, therefore denied.

34. Denied.

35. Unknown, therefore denied.

36. Unknown, therefore denied.

37. Admitted they were employees of Corporate Defendants, but deny employee of Yuhara.

38. Admitted.

39. Admitted Yuhara was involved in day-to-day operations of all three Moshi Moshi locations, but deny a direct supervisor or manager for the Plaintiff.

40. Admitted included in day to day production, denied directly supervisor Plaintiffs.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted, firm hereto had final say.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Admitted.

50. Admitted.

51. Admitted.

---

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

---

52. Admitted as to Corporate Defendants but deny each and every allegation as to Yuhara.

53. Paragraph 53 requires neither an affirmance nor a denial as it is merely a recitation of and commentary on Article X, Section 24(a) of the Florida Constitution. Notwithstanding, Defendants deny Paragraph 53 to the extent it seeks to suggest violation of law by Defendants.

54. Paragraph 54 requires neither an affirmance nor a denial as it is merely a recitation of and commentary on Article X, Section 24(c) of the Florida Constitution. Notwithstanding, Defendants deny Paragraph 54 to the extent it seeks to suggest violation of law by Defendants.

55. Paragraph 55 requires neither an affirmance nor a denial as it is merely a recitation of and commentary of Section 203(m) of the FLSA and Article X, Section 24 of the Florida Constitution.  Notwithstanding, Defendants deny Paragraph 55 to the extent it seeks to suggest violation of law by Defendants.

56. Paragraph 56 requires neither an affirmance nor a denial as it is merely a recitation of and commentary on Article X, Section 24 of the Florida Constitution. Notwithstanding, Defendants deny Paragraph 56 to the extent it seeks to suggest violation of law by Defendants.

57. Admitted.

58. Denied.

59. Denied.

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130
Email: richard@caldwell.legal   Telephone: (305) 529-1040*

5

60. Denied.

61. Denied.

62. Denied.

63. Admitted as to Corporate Defendants to extent Plaintiffs provided services.

64. Denied.

65. Denied.

66. Defendants are without knowledge as to Plaintiff's obligations toward their counsel and otherwise deny Paragraph 66.

## COUNT I

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

67. Defendant, Yuhara restate their answers to paragraphs 1-66 as if fully set forth herein.

68. Defendant, Yuhara deny each and every allegation contained in Paragraph 68, 68(a), 68(b), and 69(c).

69. Denied.

70. Denied.

71. Denied.

Defendants deny that Plaintiff's are entitled to any of the relief requested in the WHEREFORE clause, and that of each of its subparts, following Paragraph 71.

---

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130
Email: richard@caldwell.legal   Telephone: (305) 529-1040*

---

## COUNT II

### FLSA MINIMUM WAGE VIOLATION, 29 U.S.C.§206.

72. Defendant, Yuhara restate their answers to Paragraph 1 through 52,55,57 through 63, and 65 through 66 as if fully set forth herein.

73. Defendant, Yuhara deny each and every allegation contained in Paragraph 73, 73(a), 73(b), and 73(c).

74. Denied.

75. Denied.

Defendant, Yuhara deny that Plaintiff's are entitled to any of the relief requested in the WHEREFORE clause, and that of each of its subparts, following Paragraph 75.

## COUNT III

### VIOLATION OF FLSA, 29 U.S.C.§207 (UNPAID OVERTIME) AS TO PLAINTIFF NICOPIOR

76. Defendant, Yuhara restate their answers to Paragraphs 1 through 32, 37 through 52, and 65 through 66 as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

7

Defendant, Yuhara deny that Plaintiff Nicopior are entitled to any of the relief requested in the WHEREFORE clause, and that of each of its subparts, following Paragraph 75.

## COUNT IV

## VIOLATION OF FLSA, 29 U.S.C.§207 (UNPAID OVERTIME) AS TO PLAINTIFF GAMBOA

82. Defendant, Yuhara restate their answers to Paragraphs 1 through 23, 33 through 52, and 65 through 66 as if fully set forth herein.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

Defendant deny that Plaintiff Gamboa are entitled to any of the relief requested in the WHEREFORE clause, and that of each of its subparts, following Paragraph 87.

## AFFIRMATIVE DEFENSES

1. As his First Affirmative Defense the Defendant states the Plaintiffs does not qualify as an employee pursuant to Federal Overtime Law.
2. As and his Second Affirmative Defense, and to the extent that Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendant states that there exist no similarly situated employees and/or no similarly situated employees desire to opt-in to this action.

---

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

---

3. As his Fourth Affirmative Defense, the Defendant states the Plaintiffs were in control of their hours, and the time they worked, and even though they may have been in and around the premises during many hours alleged, they were not performing services for the Defendants or the business, but were doing work for their own interest.

4. As his Sixth Affirmative Defense, Defendant states that none of its actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

5. As his Seventh Affirmative Defense, the Defendant states the claim for overtime is frivolous, posed without any factual basis and therefore should be stricken. Plaintiff engaged in illegal behavior on the premises during hours they is trying to allege they should be paid, and as such the Plaintiff has committed fraud upon this court and the claim should be barred.

6. As his Eighth Affirmative Defense, Defendant states that the Plaintiff's (or any opt-in plaintiff's) claims for liquidated damages are barred because Defendant at all times material hereto acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

7. As his Ninth Affirmative Defense, Defendant states that the Plaintiff's (or any opt-in plaintiff's) claims are barred to the extent any hours worked by the Plaintiff over forty in any particular workweek was without the knowledge, either actual or constructive, of the Defendant.

8. As his Tenth Affirmative Defense, Defendant states that to the extent Plaintiff (or any opt-in plaintiff) is entitled to recover any unpaid overtime compensation, Plaintiff (or any opt-in plaintiff) only is entitled to a half-time rate for those overtime hours.

9. As his Eleventh Affirmative Defense, the Defendant states the claim that there are other employees that can "opt in" is frivolous, not filed in good faith and should be stricken.

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Email: richard@caldwell.legal   Telephone: (305) 529-1040*

9

10. As his Twelfth Affirmative Defense, the Defendant states the there is no enterprise or individual coverage.

11. As his Thirteenth Affirmative Defense, the Defendant states the to the extent the Plaintiff seeks attorneys fees the fees are barred under Goss v. Killian Oaks House of Learning, 248 F. Supp. 1162 (S.D. Fla. 2003).

12. As his Fourteenth Affirmative Defense, the Defendant states the to the extent the Plaintiff seeks pre-judgment interest the claims are barred.

13. As his Fifteenth Affirmative Defense, the Defendant states the claims by Plaintiff are barred by the applicable statute of limitations.

14. As his Sixteenth Affirmative Defense, the Defendant states the claim for overtime is frivolous as the Plaintiff is well aware there exist no "like" or "similarly situated" employees that could or would opt in.

15. To the extent Plaintiff was on the Defendant's premises it will be proven that much of the time the Defendant was not working for the business interest of the Defendant, or anybody associated with the Defendants, but was in fact engaged in criminal behavior.   To that extent Plaintiff's claim should be barred.

16. At all times material hereto the Plaintiff wore many hats.  To the extent the Plaintiff was subject to or exempt pursuant to 29 U.S.C.§213(a)(1), the claim should be barred.

**WHEREFORE** the Defendant, **MUTSUHIKO YUHARA**., moves this honorable court for a judgment against the Plaintiffs, **ARME JOY P. NICOPIOR** and **LEONARDO GAMBOA.**

---

*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Telephone: (305) 529-1040*
*E-Mail: caldwelllaw@bellsouth.net*

---

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed using the CM/ECF system, this _11_ day of March 2019, and will be served electronically upon Plaintiff's counsel, Samara Robbins Bober, Esq., Peter Bober, Esq., at Bober & Bober, P.A., 1930 Tyler Street, Hollywood, FL 33020, email: samara@boberlaw.com; peter@boberlaw.com Susan Potter Norton, Esq., snorton@anblaw.com; Alexander Castro, Esq., acastro@anblaw.com; Tony Pornprinya, Esq., tony@miamidadelaw.net.

Respectfully submitted,

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Defendants
66 West Flagler Street
Suite #601
Miami, FL. 33130
(305) 529-1040 (tel)
Email: richard@caldwell.legal
Yadira@caldwell.legal caldwelllaw@bellsouth.net


By:_____//S//Richard J. Caldwell_____
        Richard J. Caldwell
        Florida Bar No. 825654

_____
*Law Offices of Richard J. Caldwell, P.A., 66 West Flagler Street, Suite #601, Miami, FL 33130*
*Telephone: (305) 529-1040*
*E-Mail: caldwelllaw@bellsouth.net*
_____

11