UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24909-Civ-WILLIAMS/TORRES

ARME JOY P. NICOPIOR and
LEONARDO GAMBOA,

    Plaintiffs,

v.

MOSHI MOSHI PALM GROVE, LLC
a Florida Limited Liability Company,
d/b/a MOSHI MOSHI *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**

This matter is before the Court on Arme Joy P. Nicopior's ("Ms. Nicopior") and Leonardo Gamboa's ("Mr. Gamboa") ("Plaintiffs") motion to dismiss Moshi Moshi Palm Grove LLC's, Sushi Yama Japanese Restaurant, Inc.'s, Moshi Coral Way, LLC's, and Toshio Furithata's ("Defendants") counterclaims and to strike two affirmative defenses. [D.E. 33]. Defendants responded to Plaintiffs' motion on February 14, 2019 [D.E. 39] to which Plaintiffs replied on February 22, 2019. [D.E. 42]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful

1

consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiffs' motion to dismiss should be **GRANTED**.[1]

## I. BACKGROUND

Plaintiffs filed this action on November 21, 2018 [D.E. 1] against Defendants for unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA"), the Florida Constitution, Art. X § 24, and Fla. Stat. § 448.110. Ms. Nicopior alleges that Defendants failed to pay her any wages as a server and failed to pay her the required overtime rate for hours worked more than forty hours per week. Mr. Gamboa also alleges that Defendants failed to pay him wages for his work as a server, including overtime pay for his work as a manager.

On January 10, 2019, Defendants – except Mutsuhiko Yuhara ("Mr. Yuhara[2]") – filed their answer, affirmative defenses, and counterclaims. [D.E. 18, 20]. Count one of Defendants' counterclaim alleges that Ms. Nicopior voided receipts for food and beverages served to customers and wrongfully converted Defendants' property in excess of $50,000. [D.E. 20]. Count two alleges that Plaintiffs were unjustly enriched because they retained food, beverages, and other materials of value. Both counterclaims seek the "fair value of the converted property, plus prejudgment interest, and all other relief which this Court deems appropriate." [D.E. 20].

---

[1] On February 25, 2019, the Honorable Kathleen Williams referred Plaintiffs' motion to the undersigned Magistrate Judge for disposition. [D.E. 43].

[2] Mr. Yuhara has not responded to the complaint or otherwise appeared in this action.

2

## *II. APPLICABLE PRINCIPLES AND LAW*

In ruling on Plaintiffs' motion to dismiss, the Court takes the allegations in the counterclaim as true and construes the allegations "in the light most favorable to the [Defendants]." *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [Defendants' counterclaim] 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

Factual content gives a claim facial plausibility.  *Id.* "[A] court's duty to liberally construe a [counterclaim] in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [Defendants]."  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. ANALYSIS

Plaintiffs' motion seeks to dismiss Defendants' counterclaims because they are permissive – not compulsory – and the Court lacks supplemental jurisdiction to consider them.  Alternatively, Plaintiffs argue that Defendants' counterclaims should be dismissed because Defendants should not be allowed to clutter this case with a purely state law dispute.  Finally, Plaintiffs seek to strike two of Defendants' affirmative defenses because they cannot be used as a set-off in a FLSA case.  For these reasons, Plaintiffs request that the Court dismiss Defendants' counterclaims and strike two of Defendants' affirmative defenses.  We will address the latter issue first, as it relates to the pending answer, then turn to the counterclaims.

A.      <u>**Whether Defendants' Affirmative Defenses Should be Stricken**</u>

Plaintiffs' argument – related to the pending answer – is that two of Defendants' affirmative defenses should be stricken.  Plaintiffs claim that affirmative defense two is improper because it seeks a set-off for any wage amounts owed to Ms. Nicopior based on "amounts she unlawfully converted from Defendants by wrongfully voiding transactions and giving restaurant patrons food and beverage that they did not pay for."  [D.E. 20].  Plaintiffs also contend that affirmative defense six should be stricken because it seeks a set-off for Ms. Nicopior's

conversion of property and Mr. Gamboa's possession of that property. Therefore, Plaintiffs concludes that these set-offs must be stricken because – if a set-off results in an employee's wages falling below the required minimum wage rate – they are not allowed in FLSA cases and run afoul of binding Eleventh Circuit precedent. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) ("The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court.").[3]

Courts have generally been hesitant to permit employers to file set-offs or counterclaims in FLSA actions to recover damages an employer alleges an employee's conduct occasioned. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740-41 (5th Cir. 2010); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) ("[T]he purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."). To that end, the Fifth Circuit held in *Brennan v. Heard* that both setoffs and counterclaims are inappropriate in cases brought to enforce the minimum wage and overtime provisions of the FLSA. 491 F.2d at 4. *Brennan* emphasized that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Id*. at 4. "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," and "[t]o clutter [FLSA] proceedings with

---

[3] Opinions of the Fifth Circuit issued prior to October 1, 1981, the date marking the creation of the Eleventh Circuit, are binding precedent. See *Bonner v. City of Prichard*, 661 F.2d 1206, 1209-11 (11th Cir. 1981) (en banc).

5

the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id.*; *see also Matthews v. Applied Concepts Unleashed, Inc.*, 2012 WL 3150265, at *2 (S.D. Fla. Aug. 1, 2012) ("The requested set offs would force the Court to address the factual circumstances of numerous other claims unrelated to whether Plaintiff was adequately compensated according to minimum wage and overtime standards.").

The *Brennan* rule does not, however, preclude an employer from raising a set-off as an affirmative defense in a case "where the employee received overpayment of wages." *Leite v. Tremron, Inc.*, 2012 WL 4049962, at *3 (S.D. Fla. Sept. 13, 2012). "In such a case, the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of wages under the FLSA." *Id.* Otherwise, any set-off "that reduces the amount of overtime wages that a plaintiff is entitled to under the FLSA is [] inappropriate" because a proper setoff is only "against an overpayment or pre-payment of wages." *Id.*[4]

Here, Defendants contend that Plaintiffs' motion to strike is misplaced because it cannot be determined at this time whether the set-offs in affirmative defenses two and six will result in sub-minimum wage payments to Plaintiffs. Defendants' argument lacks merit, however, because it overlooks the fact that this

---

[4] In a recent clarification, the Fifth Circuit has also rejected the argument that its prior precedent permits set-offs so long as the set-off does not exceed the damages recovered by the plaintiff. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010). Rather, the Fifth Circuit affirmed its disfavor for "set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Id.* As such, "[a]ny setoff that reduces the amount of overtime wages that the plaintiff is entitled to under the FLSA is therefore inappropriate." *Leite*, 2012 WL 4049962, at *4.

6

case does not involve any allegations of overpayment or pre-payment of goods. *See Leite*, 2012 WL 4049962, at *4 ("This case does not involve a set-off against an overpayment of pre-payment of wages."). In fact, Defendants assert the opposite – that Plaintiffs are not entitled to any additional wages because the "Corporate Defendants and Yuhara have paid Plaintiffs all amounts due to them, including overtime due for any time worked in excess of forty (40) hours per week." [D.E. 18].

Based on this representation, the set-offs cannot stand because "[a] set-off is only permissible in an FLSA case when it will not cause a plaintiff's wages to fall below the statutory minimum." *Tapia v. Fla. Cleanex, Inc.*, 2013 WL 12198827, at *2 (S.D. Fla. Mar. 27, 2013) (citing *Leite*, 2012 WL 4049962, at *3-*4 (striking the affirmative defense of a set-off in a case that did not involve an over-payment or pre-payment of wages because the set-off would have reduced the plaintiff's recovery below the FLSA statutory minimum and thus was improper)). An employer may raise a set-off as an affirmative defense in a case where an employee received an overpayment of wages because the set-off only reduces the overpayment while preserving a plaintiff's recovery of wages under the FLSA. But, affirmative defenses two and six can only serve to reduce Plaintiffs' recovery of wages because this case "does not involve a set-off against an overpayment of wages." *Bautista v. The Disc. Warehouse, Inc.*, 2016 WL 1028358, at *2 (S.D. Fla. Mar. 15, 2016) (striking affirmative defenses because "[t]he instant matter does not involve a set-off against an overpayment of wages.").

Because Defendants assert that there was no overpayment or prepayment of wages to Plaintiffs and the only purpose that the affirmative defenses can serve is to reduce Plaintiffs' recovery below the statutory minimum, Plaintiffs' motion to strike affirmative defenses two and six should be **GRANTED** under Rule 12(f)(1) for insufficiency as a matter of law. *See* Fed. R. Civ. P. 12(f)(1).

### B.     *Whether Defendants' Counterclaims Should be Dismissed*

#### (1)     *Rule 13 Analysis of Counterclaim*

There is no dispute that the Court has federal question jurisdiction over Plaintiffs' FLSA claim. *See* 28 U.S.C. § 1331. It is also undisputed that there is no independent jurisdictional basis for Defendants' state law claims of conversion and unjust enrichment. This means that, to consider Defendants' counterclaims, they must fall within the ambit of the Court's supplemental jurisdiction. That is, Defendants' counterclaims must be compulsory – not permissive.

There are two kinds of counterclaims: compulsory counterclaims and permissive counterclaims. *See* Fed. R. Civ. P. 13. A compulsory counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." *Id*. at 13(a). On the other hand, a permissive counterclaim is one which does not arise out of the same transaction or occurrence. *Id*. at 13(b). It is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration. *See Plant v. Blazer Fin.*

8

*Servs., Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979) (citations omitted). To determine whether a counterclaim is compulsory or permissive, courts in the Eleventh Circuit apply the "logical relationship" test. *See Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

The standard for asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) is broader than the standard for determining a counterclaim to be compulsory. *See Bakewell v. Fed. Fin. Grp., Inc.*, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006). "Thus, there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not." *Id.* "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (indicating that the case or controversy standard provides supplemental jurisdiction over state claims that arise out of a common nucleus of operative fact with a substantial federal claim). In determining if claims derive from a common nucleus of facts, the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence so that the state law claim falls within the Court's

9

supplemental jurisdiction. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996).

Plaintiffs argue that Defendants' counterclaims for conversion and unjust enrichment should be dismissed because they are permissive and do not arise out of the same operative facts of the allegations presented. Defendants contend, on the other hand, that Plaintiffs' FLSA claim involves the same set of facts because Plaintiffs were not working overtime but stealing from their employer. Defendants therefore conclude that the counterclaims are compulsory because the facts are intimately related as to (1) what Plaintiffs were doing at the time they were scheduled to be working, and (2) the amount Plaintiffs had been compensated.

A case that addresses the question presented is *Jagroop v. Moran Foods, LLC*, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014). In *Jagroop*, the plaintiffs filed a complaint against their employer alleging violations of the overtime wage provisions of the FLSA. Defendants' counterclaims asserted claims for civil theft, fraud, and conversion. Plaintiffs filed a motion to dismiss because the counterclaims did not arise from the same transaction or occurrence as the FLSA claim. However, the Court denied Plaintiffs' motion because there was a common nexus between Plaintiffs' FLSA claim and Defendants' counterclaims:

> Defendants' Counterclaims share a common nexus of operative facts with those facts that will be litigated as to Plaintiffs' claims: Plaintiff Lambert's employment with Defendant, and specifically, (1) what Plaintiff Lambert was actual doing during the time when he claimed to have been working more than forty hours per week for Defendant, and (2) the amount Plaintiff Lambert has already been compensated.

10

*Id.* at *2.  The Court further noted that – while some courts reached different conclusions – those cases were noticeably distinguishable.  *See, e.g.*, *Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 WL 1995091 (S.D. Fla. May 7, 2008) (finding that civil theft counterclaim was not compulsory because there was no indication that the same set of facts served as a bases for the claim of overtime and counterclaim of theft); *Perez v. South Florida Landscape Maint., Inc.*, 2014 WL 293774 (S.D. Fla. Jan. 23, 2014) (dismissing counterclaims for breach of contract and conversion because the evidence and witness testimony "need[ed] to prove the FLSA violation" differed "greatly from the evidence needed to prove the counterclaims.").

Another equally persuasive case is the decision in *Rosa v. Aids Healthcare Foundation, Inc.*, 2010 WL 3008827 (S.D. Fla. Aug. 25, 2010), where the plaintiff filed an action against the defendant for unpaid overtime compensation under the FLSA.  Defendant counterclaimed, alleging that the plaintiff stole the defendant's property while employed.  The Court denied the plaintiff's motion to dismiss the defendant's conversion counterclaim because it was compulsory:

> The Counterclaim alleges that Plaintiff stole Defendant's property while employed by Defendant.  Moreover, Defendant argues in its Opposition to the Motion to Dismiss that Plaintiff was stealing rather than working during the hours that she claims to have been working. Defendant's counterclaim, therefore, requires the Court to evaluate the same evidence that it will evaluate to resolve Plaintiff's FLSA claim.  In other words, Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim.  Because Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim, the conversion claim is a compulsory counterclaim.

11

*Rosa*, 2010 WL 3008827 at * 2 (emphasis added).

The same reasoning applies to the facts of this case because Plaintiffs' FLSA claim arises from the same transaction or occurrence as Defendants' counterclaims for conversion and unjust enrichment. This means that Plaintiffs' FLSA claim involves the same set of facts as Defendants' counterclaims because they each relate to whether Plaintiffs were stealing rather than working during the hours Plaintiffs allege that they should have been compensated. *See Jagroop*, 2014 WL 12600721, at *3 (S.D. Fla. Mar. 4, 2014) ("Plaintiff Lambert's claim that he was not compensated for time spent working is directly related to Defendant's claim that Plaintiff Lambert was not, in fact, working, *i.e.* incurring compensable time, but was instead pocketing monies and gift cards for his own benefit."). Moreover, the resolution of these facts will involve much of the same witnesses and evidence. Because there is a nexus between Plaintiffs' FLSA claim and Defendants' counterclaims, Plaintiffs' motion to dismiss for this reason lacks merit. *See Arcusa v. Lisa Coplan-, P.A.*, 2007 WL 3521986, at *2 (M.D. Fla. Nov. 15, 2007) ("[T]he Firm's reason for denying any overtime pay, and for terminating Arcusa's employment, was due to the alleged conversion. Therefore, the Court finds that the Firm's conversion counterclaim is logically related to Arcusa's FLSA claims, and the counterclaim in compulsory.").[5]

---

[5] As for Plaintiffs' related arguments, they too lack merit. First, Plaintiffs argue that, if Defendants' counterclaims proceed, they would clutter this action. But, Plaintiffs overlook the fact that their hours at work are already an issue in this case – meaning the counterclaims do not include any extraneous matters outside of their FLSA claim. Plaintiffs' second argument fails for the same reason because

12

### *(2)   The Counterclaims are Barred under Brennan*

Defendants' counterclaims must be dismissed, however, for a different reason. While they are compulsory for the reasons set forth above, "courts in this Circuit have dismissed counterclaims . . . where the set-off is not based on an overpayment or pre-payment of wages . . . ." *Bautista*, 2016 WL 1028358, at *2 (citing *Perez*, 2014 WL 293774, at *3 (denying leave to add counterclaim involving breach of contract and conversion for plaintiff's failing to pay for a lawn mower as promised to defendant-employer); *Fernandez v. Xpress Painting Corp.*, 2012 WL 3562255 (S.D. Fla. Aug. 17, 2012) (dismissing counterclaims for unjust enrichment and breach of contract alleging defendants provided loans, an airline ticket, and monthly rent to plaintiff). The rationale for the dismissal of counterclaims is akin to the dismissal for set-offs because – in cases where there are no allegations of overpayment or pre-payment – counterclaims can only serve to reduce a plaintiff's FLSA recovery. This means that the *Brennan* rule may bar counterclaims irrespective of "whether the counterclaims are compulsory or permissive." *Perez v. Elite Imaging, LLC*, 2017 WL 666108, at *4 (S.D. Fla. Feb. 17, 2017).

The facts of this case are analogous to the court's decision in *Perez*, 2017 WL 666108, at *1. In *Perez*, the issue was whether the defendant should be granted leave to file three counterclaims for violation of the Florida Computer Abuse and

---

Defendants' counterclaims do not predominate over Plaintiffs' FLSA claim. Indeed, the evidence, witnesses, and defenses needed to evaluate the FLSA claim are similar, if not identical, to the counterclaims. Therefore, Plaintiffs' motion to dismiss for these reasons should be **DENIED**. *See Jagroop*, 2014 WL 12600721, at *3 ("The Court does not believe that the counterclaims would likely substantially predominate over the FLSA claim, particularly as many of the same facts will be litigated as defenses to Plaintiff Lambert's claims.").

13

Data Recovery Act, conversion, and breach of the duty of loyalty. The court initially found that the counterclaims were permissive in relation to plaintiff's FLSA claim and that the court lacked jurisdiction. However, the court did not stop its analysis there. The court then determined that – irrespective of whether the counterclaims were compulsory or permissive – the counterclaims were not viable because the defendant did not "allege that it overpaid Plaintiff," meaning "any reduction of Plaintiff's FLSA damages would violate the *Brennan* Rule by reducing Plaintiff's compensation below the FLSA statutory minimum." *Id*. at *4 (citing *Leite,* 2012 WL 4049962, at *4).

The same reasoning in *Perez* applies to the facts of this case because any recovery on Defendants' counterclaims – in the absence of an allegation of overpayment or prepayment – would run afoul of *Brennan* which is "to assure to the employees of a covered company a minimum level of wages," *see Brennan*, 491 F.2d at 4, and "would delay and interfere with the process of bringing the employer into compliance with the FLSA's overtime requirements," *Pioch,* 825 F.3d at 1273-74 (citing *Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir. 1983)). Therefore, even if Defendants' counterclaims are compulsory, Plaintiffs' motion to dismiss should be **GRANTED** pursuant to the FLSA principles settled in *Brennan*.

### *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion to dismiss Defendants' counterclaims and motion to strike Defendants' affirmative defenses be **GRANTED**. [D.E. 33].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 21st day of March, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge